2011 UT App 206

**In the Matter of the GUARDIANSHIP OF Margaret GUYNN, a protected person.**

**Catherine Ortega, Petitioner and Appellant,**

v.

**Donald Bruce Guynn, Conservator and Appellee.**

No. 20100350–CA.

Court of Appeals of Utah.

June 30, 2011.

Michael A. Jensen, Salt Lake City, for Appellant.

Kent B. Alderman and Elizabeth S. Conley, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and THORNE.

MEMORANDUM DECISION

THORNE, Judge:

¶ 1 Catherine Ortega appeals from the district court's final order appointing Donald Bruce Guynn as a limited conservator of Margaret Guynn's (Mother) estate and denying Ortega an award of attorney fees relating to her petition to appoint herself as Mother's conservator and guardian. We affirm.

¶ 2 Ortega and Guynn are Mother's adult children. Mother, now in her mid–80s, lived on her own in Texas until 2009, when Guynn assisted her in moving to Utah. At the time of the conservatorship proceedings, Mother was residing in an assisted living facility in Salt Lake County. In August 2009, Ortega filed a petition alleging that Mother lacked the capacity to manage her own care and financial affairs and seeking Ortega's own appointment as Mother's guardian and conservator. Guynn and Mother objected to Ortega's appointment and disagreed with Ortega's assessment of Mother's capacity. Nevertheless, "to avoid further litigation," the parties entered into a stipulation in November 2009 "that a limited conservatorship should be established and that [Guynn] will serve as the Conservator for [Mother]." The stipulation did not address attorney fees. Pursuant to the stipulation, the district court appointed Guynn as Mother's conservator.

¶ 3 In December 2009, Ortega filed a memorandum in the district court seeking an award of attorney fees against Mother's estate. Ortega's memorandum argued that her petition had merit, was filed in good faith and for Mother's protection, and resulted in the appointment of a conservator for Mother. Ortega argued that, under these circumstances, Mother's estate should be ordered to pay her attorney fees as a matter of equity. Ortega represented to the district court that, although no Utah statute or case authorized an award of attorney fees, the district court should adopt the Nebraska Supreme Court's position that fee awards are allowed in such circumstances. *See In re Guardianship of*

*Donley,* 262 Neb. 282, 631 N.W.2d 839, 843–44 (2001).

¶4 The district court denied Ortega's request, stating that the fee issue was resolved by the parties' stipulation and noting that a substantial portion of Ortega's requested fees had been incurred after the entry of the appointment order. Ortega filed a rule 59 motion to amend judgment, *see* Utah R. Civ. P. 59, arguing that the district court's prior order denying fees was in error because the parties' stipulation did not expressly preclude an award of fees to Ortega. The district court denied Ortega's motion, concluding that no statute or contract authorized a fee award and that it would not consider awarding fees in equity under the circumstances. We review a district court's decision regarding equitable attorney fee awards only for an abuse of discretion. *See Hughes v. Cafferty,* 2004 UT 22, ¶20, 89 P.3d 148 ("[T]he appropriate standard for reviewing equitable awards of attorney fees is abuse of discretion.").

¶5 On appeal, Ortega argues that this court should adopt the rule enunciated in *In re Guardianship of Donley,* 262 Neb. 282, 631 N.W.2d 839 (2001), wherein the Nebraska Supreme Court held,

> [W]e are persuaded by the rule adopted in other states that costs and attorney fees incurred in the good faith initiation of conservatorship proceedings constitute necessaries for the support or benefit of the protected person such that payment of reasonable costs incurred may be assessed against the protected person's estate.

*See id.* at 843–44. Ortega argues that such a result is warranted by equity and sound public policy, noting that the Utah Judicial Council's Ad hoc Committee on Probate Law and Procedure recently recommended amending the applicable statute to adopt such a rule.[1] *See* Utah Judicial Council Ad hoc Committee on Probate Law and Procedure, *Final Report to the Utah Judicial Council,* 17 (Feb. 23, 2009) ("Utah law does not contain any provisions for petitioner's representation in a guardianship proceeding, but permits the petitioner in a conservatorship proceeding to charge the cost of his or her lawyer to the respondent's estate. There is no sound reason to distinguish the two." (footnote omitted)).

¶6 Ortega invites us to adopt the *Donley* rule as a categorical equitable exception to Utah's general prohibition against attorney fee awards in the absence of an authorizing contract or statute.[2] *See generally Doctors' Co. v. Drezga,* 2009 UT 60, ¶32, 218 P.3d 598 ("As a general rule, Utah courts award attorney fees only ... when such action is permitted by either statute or contract."). The Utah Supreme Court has recognized certain categories of cases that warrant equitable fee awards as "appropriate in the interests of justice and equity." *See Stewart v. Utah Pub. Serv. Comm'n,* 885 P.2d 759, 782 (Utah 1994). However, we decline Ortega's invitation to adopt a new categorical exception in this case. Equitable attorney fee awards "are dispensed sparingly" and only in " 'extraordinary case[s].' " *See Shipman v. Evans,* 2004 UT 44, ¶24, 100 P.3d 1151 (discussing the equitable "private attorney general doctrine"). Ortega's own brief argues that a petitioner's attorney fees are ordinarily paid by the estate as a matter of custom, suggesting that a categorical rule is not ordinarily necessary. In short, we are not persuaded that the circumstances of this

---

1. The Utah Legislature has considered such an amendment in the past but did not adopt it. *See* H.B. 167, 2005 Gen. Sess. (Utah).

2. Ortega argues for adoption of the *Donley* rule as a matter of equity, but *Donley* itself held that an award of a petitioner's fees was authorized by a Nebraska statute requiring conservators " 'to expend or distribute sums reasonably necessary for the support, education, care or benefit of the protected person.' " *In re Guardianship of Donley,* 262 Neb. 282, 631 N.W.2d 839, 844 (2001). Utah Code section 75–5–425 contains identical language, *see* Utah Code Ann. § 75–5–425(1)(b) (1993), and thus, *Donley* supports the proposition that an award of fees to Ortega might have been authorized by Utah statute as "sums reasonably necessary for the ... benefit of the protected person." *See id.* However, Ortega did not seek fees in the district court pursuant to section 75–5–425 and, in fact, represented to the district court that no Utah statute authorized a fee award in this matter. Thus, Ortega invited the district court's failure to consider section 75–5–425 as a potential basis for a fee award, and we do not decide today whether that section could support a fee award in appropriate circumstances.

case warrant the recognition of a new category of equitable attorney fee cases.

¶ 7 Even if we were to recognize a categorical exception, there are significant distinctions between this case and the typical conservatorship proceeding envisioned in *Donley*, distinctions that would readily support the district court's decision not to award fees in this case even if we were to adopt the *Donley* rule. As emphasized by Ortega on appeal, *Donley* relied in part on the proposition that "an action to appoint a conservator is not an adversarial proceeding, but, rather, is a proceeding to promote the best interests of the person for whom the conservatorship is sought." *Donley*, 631 N.W.2d at 844. Here, the parties' descriptions of the litigation and the district court's rulings suggest that Ortega's role was adversarial not just to Guynn, but to Mother as well. Additionally, the *Donley* rule presupposes a judicial determination that a petition has merit. Here, the issue of the merit of Ortega's petition was contested and was ultimately resolved by a very limited stipulation "to avoid further litigation." These considerations would justify the district court's discretionary denial of fees in this particular matter even if Utah recognized a categorical rule for awarding attorney fees to petitioners in conservatorship cases. *See Hughes*, 2004 UT 22, ¶ 22 n. 1, 89 P.3d 148 ("A party is not necessarily entitled to an equitable award of attorney fees merely because a case falls into one of the categories of cases recognized in *Stewart*. Rather, trial courts retain discretion to decide whether an award of attorney fees is appropriate in the interest[s] of justice and equity in any given case." (second alteration in original) (internal quotation marks omitted)).

¶ 8 Here, Ortega failed to present the district court with either a statutory or contractual basis for awarding attorney fees. The district court properly considered the parties' stipulation, both as to its purpose "to avoid further litigation" and as to its omission of an award of Ortega's fees. We agree with the district court that Utah does not recognize conservator and guardianship cases as a unique category of cases that allow for equitable attorney fee awards. For these rea-

sons, we affirm the district court's decision to deny Ortega an equitable award of attorney fees.

¶ 9 WE CONCUR: JAMES Z. DAVIS, Presiding Judge, and GREGORY K. ORME, Judge.